UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**PEDRO MICHAEL GONCALVES,**        )
         **Petitioner,**           )    **CIVIL ACTION**
                                    )    **NO.  4:18-11268-TSH**
         **v.**                    )
                                    )
**S. SPAULDING,**                   )
         **Respondent.**           )
_____)

**MEMORANDUM AND ORDER ON PETITIONER'S PETITION FOR A WRIT OF
HABEAS CORPUS (Docket No. 1)**

**July 1, 2020**

**HILLMAN, D.J.,**

Pedro Michael Goncalves ("Petitioner") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1).  For the following reasons, the Court ***denies*** habeas relief and ***dismisses*** the petition.

**Background**

In May 2006, Petitioner was indicted in the District of Rhode Island on charges of (1) possessing with intent to distribute 50 grams or more of cocaine base (Count 1); (2) possessing with intent to distribute 5 grams or more of cocaine base (Count 2); (3) possessing with intent to distribute cocaine (Count 3); (4) possessing a firearm in and affecting commerce after having been convicted of a felony (Count 4); and (5) possessing a firearm in furtherance of a drug trafficking crime (Count 5).  Following a trial in early 2007, the jury found Petitioner guilty on all counts. Judge Lisi sentenced Petitioner to, *inter alia*, 240 months' imprisonment on Count 1 (the mandatory minimum sentence after applying an enhancement under 21 U.S.C. §§ 841(b)(1)(A)

and 851 for a prior Rhode Island drug conviction) and 60 months' imprisonment, to run consecutively, on Count 5 (the mandatory minimum under 18 U.S.C. § 924(c)).

Petitioner unsuccessfully appealed his conviction and sentence to the First Circuit.[1]  He then moved to vacate his sentence under 28 U.S.C. § 2255.  Judge Lisi denied his motion, and the First Circuit rejected his request for a certificate of appealability.  Several years later, Petitioner filed the instant petition in the District of Rhode Island.  Because he claims jurisdiction under § 2241,[2] and the Petitioner is an inmate at a facility within the District of Massachusetts, the District of Rhode Island transferred his petition to this Court.

## Discussion

Petitioner raises two arguments in his petition for habeas corpus relief.  First, he contends that, "in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016)," and cases from the Fifth and Sixth Circuits applying *Mathis*, his "prior conviction for possession with intent to deliver a controlled substance does not qualify as an enhancement" under §§ 841(b)(1)(A) and 851. (Docket No. 1 at 7, 11).  Second, he contends that, in light of *Dean v. United States*, 137 S. Ct. 1170 (2017), "Count 5 of the Indictment must be dismissed because it violates due process."[3]  (Docket No. 1 at 7, 11).

In general, a federal prisoner protesting the validity of his sentence must file a motion to vacate before the sentencing court under § 2255.  *See Smith v. Grondolsky*, 299 F. Supp. 3d 287,

---

[1]   The First Circuit remanded for resentencing as to Counts 2 and 3.  His net sentence, however, remained the same: 300 months' imprisonment based on the mandatory minimum sentence for Count 1 (240 months) and the mandatory minimum sentence for Count 5 (60 months).
[2]   He concedes that he did not seek permission to file a second or successive petition under § 2255 and does not meet the requirements to file such a petition.  Thus, his claims depend solely upon jurisdiction under § 2241.
[3]   Based Petitioner's memorandum, the Court presumes Petitioner means to argue that Judge Lisi erred in failing to consider the mandatory consecutive 5-year sentence he faced on Count 5 when she imposed a 20-year sentence on Count I.  He offers no reason to dismiss Count 5.

297 (D. Mass. 2018) ("A collateral challenge to the length of the sentence is traditionally raised in a habeas petition brought before the sentencing court pursuant to 28 U.S.C. § 2255."). A petition for habeas corpus relief under § 2241 is typically only "appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999). When a motion under § 2255 is "inadequate or ineffective to test the legality of his detention," however, a petitioner may challenge the validity of his sentence under § 2241. § 2255(e); *see also Barrett*, 178 F.3d at 52 (noting that "habeas corpus relief under § 2241 remains available for federal prisoners" challenging the validity of their sentences "in limited circumstances").

The exception created by the savings clause is narrow in scope. The First Circuit has cautioned that post-conviction relief is not "inadequate" or "ineffective" "merely because a petitioner cannot meet the AEDPA 'second or successive' requirements," as is the case here. *See Barrett*, 178 F.3d at 50. Instead, "post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification'" or to "result in a 'complete miscarriage of justice.'" *See Trenkler v. United States*, 536 F.3d 85, 98 (1st Cir. 2008) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original), and *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). In that vein, "[t]he savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty within the new meaning attributed to the statute." *Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000) (footnote omitted). "The savings clause has to be resorted to for such a statutory claim because Congress restricted second or successive petitions to constitutional claims." *Id.*

Applying this guidance, the Court concludes that Petitioner's sentencing enhancement challenge does not fall within the scope of the savings clause. Although Petitioner contends that the Supreme Court's decision in *Mathis* announced a new rule of federal law retroactively rendering him ineligible for the enhancement under §§ 841(b)(1)(A) and 851, the Supreme Court repeatedly emphasized in the *Mathis* decision that it was applying existing, rather than stating new, law.[4]  *See, e.g.*, 136 S. Ct. at 2251 ("We have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense."); *id.* ("*Taylor* set out the essential rule governing ACCA cases more than a quarter century ago."); *id.* at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); *see also Dimott v. United States*, 881 F.3d 232, 237 (1st Cir. 2018) ("The Supreme Court has indicated, though, that *Mathis* did not announce a new, retroactively applicable rule."); *Plasencia v. Grondolsky*, No. 18-10121, 2018 WL 6267924, at *3 (D. Mass. Nov. 29, 2018) ("[T]he Supreme Court in *Mathis* made clear that the rule the Court applied was merely an application of its prior precedent in *Taylor*. *Mathis* did not state new law, but rather reaffirmed existing law." (citations omitted)); *Feaster v. Grondolksky*, No. 17-11025, 2018 WL 10335957, at *2 (D. Mass. Mar. 2, 2018) ("[A]s the Supreme Court in *Mathis* made clear, *Mathis* did not overrule any controlling precedent."). As Petitioner presumably could have cited this existing law in his initial motion for post-conviction relief, "he cannot prevail in asserting that the § 2255

---

[4]  Even if *Mathis* had announced new rule of federal law, however, it would not help Petitioner. *Mathis* addressed whether a state burglary conviction qualified as a predicate offense under the ACCA. It says nothing about which offenses qualify as "felony drug offense[s]" under §§ 841(b)(1)(A) and 851, the statutory provisions under which Petitioner's sentence was enhanced. *See Romo v. Ormond*, No. 17-6137, 2018 WL 4710046, at *2 (6th Cir. Sept. 13, 2018) ("*Mathis*, upon which Romo relies, is inapplicable to sentences enhanced under § 841(b)(1)(A).").

4

process has been inadequate or ineffective to challenge his detention." *See Holmes v. Grondolsky*, No. 17-10722, 2017 WL 2435283, at *2 (D. Mass. June 1, 2017). To hold otherwise would be to render the gatekeeping provisions of § 2255 meaningless. *See Trenkler*, 536 F.3d at 99 (reasoning that "the mere inability to satisfy" the requirements to file a second or successive petitioner under § 2255 cannot "afford access to the savings clause" because "[t]o rule otherwise would reduce AEDPA's gatekeeping provisions to 'a meaningless gesture'").

The Court concludes that Petitioner's challenge under *Dean* similarly falls outside the scope of the savings clause. Judge Lisi imposed the mandatory minimum sentence on Count 1. Even if this Court were to reverse and remand for consideration of the mandatory five-year consecutive sentence required under Count 5, Judge Lisi could not reduce Petitioner's sentence below 20 years' imprisonment he is currently scheduled to receive. Denying jurisdiction under § 2241 therefore does not risk creating any miscarriage of justice.[5]

## Conclusion

For the reasons stated above, the Court ***denies*** habeas relief and ***dismisses*** the petition. (Docket No. 1).

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether

---

[5] But even assuming *arguendo* that the savings clause did apply, the Court would nonetheless deny Petitioner's claim on the merits because he cannot establish the existence of prejudice under these circumstances.

. . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard.  28 U.S.C. § 2253(c)(3).

Petitioner has not made a substantial showing that he has been denied a constitutional right.  He does not raise any claims of a constitutional dimension in his petition, and reasonable jurist could not debate whether the savings clause applies to his case.  Accordingly, I deny Petitioner a certificate of appealability.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**